IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
NORTHERN DIVISION

| | | |
|---|---|---|
| L & B TRANSPORT, LLC, | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| NAC SERVICES, LLC, ET AL | § | |
| **Defendant.** | § | |

## PLAINTIFF, L & B TRANSPORT, LLC'S, ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** L & B Transport, LLC, hereinafter called Plaintiff or sometimes "L & B Transport", complaining of and about NAC Services, LLC [d/b/a NAC Flow Back, d/b/a NAC Kennedy Construction, d/b/a NAC Fluids, a Division of NAC Services, LLC, dba NAC Chemicals & Fluids, A Division of NAC Serves, LLC] ("NAC Services"), Armando Gutierrez, Jr., ("Armando"), Terri S. Gutierrez ("Terri"),  Noise Attenuation Construction, LLC ("Noise Attenuation") and NAC Investments, LLC ("NAC Investments") Defendants, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.      Plaintiff L & B Transport, LLC, is a Louisiana Limited Liability Company organized under the laws of the State of Louisiana, and has its principal place of business at 190 West, Port Allen, West Baton Rouge Parish, Louisiana 70767.

2.      Defendant NAC Services, LLC, [d/b/a NAC Flow Back, d/b/a NAC Kennedy Construction, d/b/a NAC Fluids, a Division of NAC Services, LLC, dba NAC Chemicals & Fluids, A Division of NAC Serves, LLC] is a Texas Limited Liability Company organized under the laws

of the State of Texas. Defendant has its principal place of business in the State of Texas at 890 Taylor Street, Weatherford, Parker County, Texas 76087. Defendant, may be served with process by serving the registered agent of said company, Armando Gutierrez, Jr., at 890 Taylor Street, Weatherford, Texas 76087, its registered office.   Service of said Defendant as described above can be effected by personal delivery.

3.      Defendant Noise Attenuation Construction, LLC, is a Texas Limited Liability Company organized under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas at 890 Taylor Street, Weatherford, Parker County, Texas 76087. Defendant, may be served with process by serving the registered agent of said company, Armando Gutierrez, Sr., at 890 Taylor Street, Weatherford, Texas 76087, its registered office.   Service of said Defendant as described above can be effected by personal delivery.

4.      Defendant NAC Investments, LLC, is a Texas Limited Liability Company organized under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas at 890 Taylor Street, Weatherford, Parker County, Texas 76087. Defendant, may be served with process by serving the registered agent of said company, Armando Gutierrez, Jr., at 890 Taylor Street, Weatherford, Texas 76087, its registered office.   Service of said Defendant as described above can be effected by personal delivery.

5.      Armando Gutierrez, Jr., is a Texas resident who conducts business at 890 Taylor Street, Weatherford, Texas 76087, his principal place of business.   Service of said Defendant as described above can be effected by personal delivery.

6.      Terri S. Gutierrez, is a Texas resident who conducts business at 890 Taylor Street, Weatherford, Texas 76087, his principal place of business.   Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION

7.      The Court has jurisdiction over the lawsuit under 28 U.S.C. 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

8.      Venue is proper in this district under 28 U.S.C. Section 1391(b)(1) because Defendant resides in this District.

## FACTS

9.      In the usual course of business, Plaintiff rented to NAC Services one or more items of goods, wares, merchandise, or services, consisting of FRAC tanks which Plaintiff delivered to NAC Services, that NAC Services retained long after payment was due Plaintiff and demand made by Plaintiff for return and payment, all as listed on the attached statement of account. NAC Services accepted each item and became bound to pay Plaintiff the designated price, which is a reasonable, usual, and customary price for such an item. This account represents a transaction or series of transactions for which a systematic record has been kept.

10.     NAC Services has defaulted by failing to make payments on the account. The principal balance due Plaintiff on the account is $1,826,298.15 after all just and lawful offsets, payments, and credits have been allowed, as shown on the attached statement of account. Plaintiff has demanded that NAC Services pay this amount, but such Defendant has not done so.

There is at the time of the filing of this Complaint, an application by Plaintiff with the Texas Comptroller of Public Accounts requesting a Texas Sales Tax refund in the total requested amount of $698,049.06 from the State of Texas in connection with the invoices making up the charges

described in the account described in the preceding sentence. In the event that such Texas Sales Tax refund is granted, in whole or in part, of the amount of such Texas Sales tax refund so allowed, paid, and received by Plaintiff from the State of Texas, such received refund amount to Plaintiff will be credited against the principal balance of the account of $1,826,298.15. Such Texas Sales Tax refund described herein is contingent on actual receipt of the funds from the Comptroller of the State of Texas to Plaintiff.

11.     On or about April 23, 2015, NAC Services issued its check number 4099 drawn on Plains Capital Bank in the principal amount of $192,381.90 payable to the order of Plaintiff in acknowledgement of and in an attempted part payment of the debt described in paragraph 5 hereof. Such check was issued by NAC Services when there, based on information and belief, were insufficient funds in NAC Services's bank, and which check was not honored or payment by the bank, noting that the account has been voluntarily closed by NAC Services. NAC Services's conduct also confirms that it had no intention to pay for the FRAC tanks when delivered, use such FRAC tanks in their own business without payment to Plaintiff and without Plaintiff's consent, all along promising to pay Plaintiff when it had no intention to do so. NAC Services's conduct was voluntary and intentional to avoid payment, and appropriate the FRAC tanks without Plaintiff's effective consent, and for its use.

12.     NAC Services was sued on August 17, 2012 in Cause No. 2012-44899 by Sprint Waste Services, LP as a plaintiff in the 80th Judicial District Court, Harris County, Texas for failure to pay for and conversion of FRAC tanks leased in 2011-2012 by NAC Services from Sprint Waste Services, LP under breach of contract non-payment of amounts due, conversion and the Texas Theft Liability Act plaintiff theories of recovery. This resulted in a Judgment against NAC Services in favor of Sprint Waste Services, LP on June 7, 2013 in the principal amount of

$406,364.66.

13.      NAC Services was sued on July 8, 2013 in Cause No. 2013-39988 by Screen Logix, LLC as a plaintiff in the 127th Judicial District Court, Harris County, Texas for failure to pay for services including certain oil field service products and services pursuant to an agreement dated December 13, 2012, produced by Screen Logix and sold to NAC Services totaling the principal amount of $92,020.00. Screen Logix further asserted that NAC Services had also purchased and utilized competitive products from competing companies other than Screen Logix in violation of the agreement with Screen Logix, LLC.

14.      On April 13, 2011, Notice of Federal Tax Lien was filed by the IRS against Armando Gutierrez, Jr. and Terri Gutierrez for unpaid 1040 Federal Income taxes due for 2007 and 2008 totaling the principal amount of $33,052.24.

15.      On April 13, 2011, Notice of Federal Tax Lien was filed by the IRS against Armando Gutierrez, Jr. for unpaid 1040 Federal Income taxes due for 2004 and 2005 totaling the principal amount of $114,804.89.

16.      On April 26, 2011, Notice of Federal Tax Lien was filed by the IRS against Noise Attenuation Construction, LLC and Terri Gutierrez, Member, for unpaid 941 Federal Income taxes due for 6/30/2010 and 9/30/2010 [assessed 2/21/2011] totaling the principal amount of $125,763.62.

17.      On September 29, 2011, Notice of a Texas State Tax Lien was filed by the Texas Comptroller of Public Accounts against Noise Attenuation Construction, LLC, for unpaid State of Texas taxes for the period 6/01/2011 to 6/30/2011 totaling the principal amount of $2,238.13.

18.      On October 5, 2012, Notice of a Texas State Tax Lien was filed by the Texas Comptroller of Public Accounts against Noise Attenuation Construction, LLC, for unpaid State of

Texas taxes for the period 6/01/2012 to 6/30/2012 totaling the principal amount of $2,652.33.

19.     FRAC tank rental delivery of units to NAC Services related to the outstanding account amount of $1,826,298.15 commenced on April 8, 2011.

20.     Armando Gutierrez, Jr. is listed as the sole "Director" and Terri S. Gutierrez is listed as the sole "Member" of NAC Services on the most recent Texas Franchise Tax Public Information Report for NAC Services.

21.     Armando Gutierrez, Jr. is listed as the sole "Member" of NAC Investments on the most recent Texas Franchise Tax Public Information Report for NAC Leasing.

22.     Armando Gutierrez, Sr. and Terri S. Gutierrez are listed as sole "Members" of Noise Attenuation on the most recent Texas Franchise Tax Public Information Report for Noise Attenuation.

23.     Upon information and belief, Armando Gutierrez, Jr. and Terri S. Gutierrez are husband and wife and have been married for many years.

24.     Upon information and belief, Armando Gutierrez, Sr. is the father of Armando Gutierrez, Jr. and the father in law of Terri S. Gutierrez.

25.     Noise Attenuation maintains a website at www.nacnow.net advertising its goods and services.

26.     The www.nacnow.net website published and maintained by Noise Attenuation markets FRAC tanks for rental either short or long term.

27.     The www.nacnow.net website published and maintained by Noise Attenuation in marketing FRAC tanks for rental either short or long term has photographs of its FRAC tanks with the name "NAC Services" prominently displayed and affixed to each unit.

28.    The www.nacnow.net website published and maintained by Noise Attenuation in marketing FRAC tanks for rental either short or long term in no photograph or description has photographs of its FRAC tanks with the name "Noise Attenuation" prominently displayed and affixed to each unit.

29.    Upon information and belief, NAC Services does not maintain a website for the marketing of any goods or services including the rental of FRAC tanks.

30.    No assumed name is or has been on file issued by Noise Attenuation at the Texas Secretary of State with the assumed name "NAC Services".

31.    NAC Services has placed on file with the Texas Secretary of State the following assumed names:  "NAC Flow Back"; "NAC Kennedy Construction, a Division of NAC Services LLC"; "NAC Chemicals & Fluids, A Division of NAC Serves, LLC".

32.    On June 29, 2015, Armando Gutierrez, Jr. conveyed to NAC Investments, LLC via a recorded a General Warranty Deed dated June 17, 2015, all of his right, title and interest in and to two parcels of land consisting of 72.674 acres located in the Samuel Riddle Survey Abstract No. 1129 recorded at 201513105 of the Deed Records of Parker County, Texas.

33.    On June 29, 2015, Noise Attenuation conveyed to NAC Investments, LLC via a recorded a General Warranty Deed dated June 17, 2015, all of its right, title and interest in and to four parcels of land consisting of 69.229 acres plus an easement to a 1.1541 acre tract of land located in the Samuel Riddle Survey Abstract No. 1129 recorded at 201513106 of the Deed Records of Parker County, Texas.

34.    On June 29, 2015, Noise Attenuation conveyed to NAC Investments, LLC via a recorded a General Warranty Deed dated June 17, 2015, all of its right, title and interest in and to Lot 32, Diamond Ridge Ranch, an Addition in Parker County, Texas according to the plat thereof

in cabinet C, Slide 32, Plat Records of Parker County, Texas recorded at 201513108 of the Deed Records of Parker County, Texas.

35.     On June 29, 2015, Noise Attenuation conveyed to NAC Investments, LLC via a recorded a General Warranty Deed dated June 17, 2015, all of its right, title and interest in and to one parcel of land consisting of 2.407 acres located in the Samuel Riddle Survey Abstract No. 1129 recorded at 201513107 of the Deed Records of Parker County, Texas.

36.     On information and belief, the real properties described in paragraphs 32-35 constitute all or the substantial part of any real estate assets owned by Armando Gutierrez, Jr., Terri S. Gutierrez and Noise Attenuation.

37.     On or about June 4, 2015, Armando Gutierrez, Jr. communicated with Ike F. Hawkins, Vice President of Sales and Risk Management for Plaintiff that he through his attorneys had all substantial assets transferred from the title ownership of NAC Services to protect those assets against creditor claims and that all such transfers were accomplished two years prior to the conversation.

38.     NAC Services, NAC Investments and Noise Attenuation all indicate in their respective filings with the Texas Secretary of State, the same principal place of business, 890 Taylor Road, Weatherford, Texas 76087; and the same family or substantially similar Members: Armando Gutierrez, Jr., Terri S. Gutierrez and Armando Gutierrez, Sr.

39.     On information and belief, NAC Services has to the economic detriment to Plaintiff made transfers to and through and with the active participation of Armando, Terri, Noise Attenuation, and NAC Investments, described in paragraphs 32-35, ultimately resulting in title to the real properties improperly vesting in NAC Investments.

40.     On information and belief, the transfers began at a time when NAC Services knew

of the substantial debt to L & B Transport, had incurred substantial liability to other creditors and the IRS, and continued the course of conduct of incurring additional debt, receiving goods and services from Plaintiff all with actual intent to place beyond the grasp of L & B Transport assets constituting the substantially all of the assets of NAC Services, to hinder, delay and defraud Plaintiff's ability to collect amounts rightfully due and owing.

41.    On information and belief, NAC Services to the economic detriment of Plaintiff, made transfers to and through and with the active participation of Armando, Terri, Noise Attenuation, and NAC Investments, described in paragraphs 32-35, who are insiders, in a family run business, with transfers ultimately made to NAC Investments, which constitute substantially all of the assets of NAC Services, to hinder, delay and defraud Plaintiff's ability to collect amounts rightfully due and owing.

42.    On information and belief, NAC Services through Armando and Terri retained control of the assets described in paragraphs 32-35.

43.    On information and belief, NAC Services through Armando, Terri, Noise Attenuation, and NAC Investments concealed the transfer of the assets described in paragraphs 32-35.

44.    Before the transfer of the assets described in paragraphs 32-35 was made, NAC Services had been sued as indicated in paragraphs 12 and 13.

45.    On information and belief, the transfer of the assets described in paragraphs 32-35 were substantially all of the assets of NAC Services.

46.    On information and belief, the transfer of the assets described in paragraphs 32-35 were made by NAC Services, Armando, Terri, Noise Attenuation and NAC Investments without receiving or paying reasonably equivalent value for the transfer.

47.     On information and belief, NAC Services was engaged in a business or transaction for which the remaining assets of its business were unreasonably small after the ultimate transfer of assets listed in paragraphs 32-35 in relation to the business purchases and credit extended and to be extended by Plaintiff to NAC Services.

48.     On information and belief, NAC Services was insolvent or became insolvent after the transfer was initiated and ultimately resulted in the transfer of the properties listed in paragraphs 32-35 to NAC Investments.

49.     On information and belief, NAC Services initiated the transfer that ultimately resulted in the transfer of the properties listed in paragraphs 32-35 to NAC Investments after the substantial debt to Plaintiff described in paragraph 10 was incurred and continued to be incurred by NAC Services.

50.     On information and belief, NAC Services, Armando, Terri, Noise Attenuation and NAC Investments are all "insiders" with respect to the transfers described in paragraphs 32-35.

51.     On information and belief, the real property assets described in the transfer deed set out in paragraphs 32-35 have substantial fair market value.

52.     L & B Transport is substantially hindered and deprived of its ability to satisfy the debt described in paragraph 10 by the transfer of the valuable real properties set out in paragraphs 32-35 and actions by the defendants, but for the available recovery under the Texas Fraudulent Transfer Act.

53.     On information and belief, the transfer of the properties described in paragraphs 32-35 was made at a time when the debt of Plaintiff has been in existence for a long period of time and was well known to the defendants as insiders.

54.     On information and belief, the transfer of the properties described in paragraphs

32-35 was made at a time when NAC Services was insolvent.

55.     On information and belief, the transfer of the properties described in paragraphs 32-35 was made at a time when Defendants as insiders had reasonable cause to believe NAC Services was insolvent or became insolvent after the transfer.

## DEBT

56.     *Facts*.   Plaintiff alleges and incorporates the factual recitations contained in paragraphs 9-10 herein.

57.     *Debt*.   Defendant NAC Services has defaulted by failing to make payments on the account.   The principal balance due Plaintiff on the account is $1,826,298.15 plus accrued interest at the rate of 6% per annum as provided for under Texas law after all just and lawful offsets, payments, and credits have been allowed, as shown on the attached Statement of Account, which is incorporated herein by reference, subject to the credit for sales tax proceeds actually received by Plaintiff as described herein.   Plaintiff has demanded that Defendant pay this amount, but Defendant has not done so to the actual damage of Plaintiff.

58.     *Conditions Precedent*.   All conditions precedent have been performed or have occurred.

## BREACH OF ORAL CONTRACT

59.     *Facts*.   Plaintiff alleges and incorporates the factual recitations contained in paragraphs 9-55 herein.

60.     *Default*.   Defendant NAC Services defaulted in paying the debt.   There is currently due the principal sum of $1,826,298.15, plus accrued interest at the rate of 6% per annum as provided for under Texas law and subject to the credit for sales tax proceeds actually received by Plaintiff as described herein.   Plaintiff has demanded that Defendant NAC Services pay this

debt, but Defendant has not done so to the actual damage of Plaintiff.

61.    *Conditions Precedent.*  All conditions precedent have been performed or have occurred.

## QUANTUM MERUIT

62.    *Facts.*  Plaintiff alleges and incorporates the factual recitations contained in paragraphs 9-55 herein.   The services or materials were provided for the defendant. The Defendant NAC Services accepted the services or materials. The Defendant NAC Services had reasonable notice that the plaintiff expected compensation for the services or materials.   The Defendant NAC Services had reasonable notice that the Plaintiff expected compensation for the services or materials.

63.    *Damages.*  Plaintiff provided valuable goods and services which Defendant NAC Services accepted.   Defendant knew that Plaintiff expected to be compensated for these services, but failed to compensate Plaintiff.   Plaintiff seeks damages in the principal sum of $1,826,298.15 plus accrued interest at the rate of 6% per annum as provided for under Texas law subject to the credit for sales tax proceeds actually received by Plaintiff as described herein,under quantum meruit for damages caused by Defendant NAC Services.

## PROMISSORY ESTOPPEL

64.    *Facts.*  Plaintiff alleges and incorporates the factual recitations contained in paragraphs 9-55 herein.   The Defendant NAC Services made a promise to the plaintiff. The plaintiff reasonably and substantially relied on the promise to its detriment. The plaintiff's reliance was foreseeable by the Defendant NAC Services. Injustice can be avoided only by enforcing the defendant's promise.

65.    *Damages.*  Plaintiff provided valuable goods and services which Defendant NAC

Services accepted and promised to pay Plaintiff.  Plaintiff reasonably and substantially relied upon Defendant NAC Services's promise to Plaintiff's detriment. Such Defendant could reasonably forsee that Plaintiff would rely on such Defendant's promise.   Plaintiff seeks damages in the principal sum of $1,826,298.15 , plus accrued interest at the rate of 6% per annum as provided for under Texas law subject to the credit for sales tax proceeds actually received by Plaintiff as described herein. under promissory estoppel for damages caused by Defendant NAC Services.

### COMMON-LAW FRAUD

66.     *Facts.*   Plaintiff alleges and incorporates the factual recitations contained in paragraphs 9-55 herein.

67.     Defendant NAC Services represented to Plaintiff that it would order FRAC tanks in sufficient quantities consistent with demand and that it has sufficient assets and financial where with all to perform and pay the agreed price and terms of sale on a consistent continuing basis.

68.     Such Defendant's representation to Plaintiff was material because Plaintiff relied on such promises and stated financial ability of such defendant to perform in continued delivering the FRAC tanks and extending payment terms NAC Services.

69.     Defendant NAC Services's representation to Plaintiff was a false promise of future performance as it was already in substantial financial distress, inadequately capitalized with debt and pending claims against it for unpaid invoices product and services including FRAC tanks from other parties.

70.     Defendant NAC Services made the false representation knowing it was false.

71.     Defendant NAC Services intended for Plaintiff to rely on and had reason to expect Plaintiff would act in reliance on the false representation.

72      Plaintiff justifiably relied on such Defendant's false representation when Plaintiff

continued to ship and deliver FRAC tanks and extend credit terms to NAC Services.

73.     Defendant NAC Services's false representation directly and proximately caused injury to Plaintiff, which resulted in the damages including the non-payment of the principal amount of $1,826,298.15, subject to the credit for sales tax proceeds actually received by Plaintiff as described herein..

74.     Plaintiff's injury resulted from Defendant NAC Services's actual fraud, gross negligence, or malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## VICARIOUS LIABILITY -- CORPORATE VEIL

75.     *Facts.*   Plaintiff alleges and incorporates the factual recitations contained in paragraphs 9-55 herein.

76.     Defendants Armando Gutierrez, Jr. and Terri S. Gutierrez's use of NAC Services and NAC Investments was a sham to perpetrate a fraud.

77.     In the alternate, NAC Services and NAC Investments were organized and operated as a mere tool or business conduit of Defendants, Armando Gutierrez, Jr. and Terri S. Gutierrez.

78.     In the further alternative, Defendants Armando Gutierrez, Jr. and Terri S. Gutierrez formed NAC Services and NAC Investments to evade a legal obligation of debt owed to Plaintiff.

79.     In the further alternative, Defendants Armando Gutierrez, Jr. and Terri S. Gutierrez allowed NAC Services and NAC Investments to operate with inadequate capital for the type of business it was conducting.

## PARTICIPATORY LIABILITY -- ASSISTING & PARTICIPATING

80.     *Facts.*   Plaintiff alleges and incorporates the factual recitations contained in

paragraphs 9-55 herein.

81.     Defendants Armando, Terri, Noise Attenuation and NAC Investments, jointly and severally, substantially assisted NAC Services in causing the fraud perpetrated by NAC Services as described herein to damage Plaintiff.

82.     Defendants Defendants Armando, Terri, Noise Attenuation and NAC Investments, jointly and severally, assistance and participation was a substantial factor in causing the continuing fraud against Plaintiff.

83.     As a result of the conduct of Defendants Armando Gutierrez, Jr., Terri S. Guterrez, Noise Attenuation, and NAC Investments under the applicable theories of Vicarious Liability and Assisting and Participating described above, those Defendants are jointly and severally liable to Plaintiff for all damages as described herein.

## TEX. B&CC §24.005. TRANSFER FRAUDULENT AS TO PRESENT & FUTURE CREDITORS

84.     *Facts.*   Plaintiff alleges and incorporates the factual recitations contained in paragraphs 9-55 herein.

85.     Texas Business and Commerce Code provides in salient part as follows as follows:

"**(a)** A transfer or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

**(1)** with actual intent to hinder, delay, or defraud any creditor of the debtor; or

**(2)** without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

(b) In determining actual intent under Subsection (a)(1) of this section, consideration may be given, among other factors, to whether:

(1) the transfer or obligation was to an insider;

(2) the debtor retained possession or control of the property transferred after the transfer;

(3) the transfer or obligation was concealed;

(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) the transfer was of substantially all the debtor's assets;

(7) the debtor removed or concealed assets;

(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred;"

86.     Defendants NAC Services, Armando, Terri, Noise Attenuation and NAC Investments, jointly and severally, have violated the provisions of Texas Business & Commerce Code section 24.005 and 24.006 with respect to any transfers of assets described in herein.

87.     Defendants NAC Services, Armando, Terri, Noise Attenuation and NAC Investments, jointly and severally, are liable for and Plaintiff seeks all remedies for such fraudulent

transfer under Section 24.008 of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

88.     *Facts.*   Plaintiff alleges and incorporates the factual recitations contained in paragraphs 9-55.

89.     *Exemplary damages.* Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff.   In order to punish Defendants, jointly and severally, for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants, jointly and severally,   for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

90.     *Fees and expenses.* Defendant NAC Services default has made it necessary for Plaintiff to employ the undersigned attorney to file suit.   This claim was timely presented to Defendant NAC Services and remains unpaid. Request is made for all costs and reasonable and necessary attorney's fees and expenses incurred by or on behalf of Plaintiff herein as the Court deems equitable and just, as provided by (a) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (b) common law. The remaining named Defendants are jointly and severally liable under the vicarious liability doctrines described herein for such attorney fees and costs.

Reasonable fees for the attorney's services rendered and to be rendered are at least $ 150,000.00.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, L & B Transport, LLC,

respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final

hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and

severally, for all relief available under Section 24.008 of the Texas Business and Commerce Code

for violations of the Texas Fraudulent Transfer statutes, return of all FRAC tanks in Defendants

possession, and for actual damages including the principal amount of the debt $1,826,298.15,

subject to the credit against the principal amount of the debt for sales tax proceeds actually received

by Plaintiff as described herein, exemplary damages, pre-judgment and post-judgment interest,

reasonable attorney fees of no less than $150,000, costs of suit, all in an amounts as indicated

herein; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
    G. Riley Hetherington
    Texas Bar No. 09554500
    Federal Bar No. 6081
    E-Mail:  grh@hetheringtonlaw.com
    11 Greenway Plaza, Suite 2820
    Houston, Texas 77046
    Tel. (713) 961-1200 Ext. 224
    Fax. (713) 961-0941
    Attorney for Plaintiff
    L & B Transport, LLC

Local Co-Counsel for Plaintiff:

By: _____
    Jeffrey E. Hansen, Esquire
    1101 A North Little school Road
    Arlington, Texas 76017
    Tel. 817-429-0956
    Fax: 817-496-4605
    Email: jeff@hhattorneys.com
    Texas Bar No. _____
    Federal Bar No. _____

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

## Statement of Account-NAC Services-L & B Transport, LLC

| DUE DATE | INVOICE# | AMOUNT | |
|----------|----------|--------|--|
| 11/6/13 | 682276A | $12,206.77 | |
| 11/6/13 | 682278A | 7,553.99 | |
| 11/6/13 | 682279A | 11,788.92 | |
| 11/17/13 | 684803A | 3,230.00 | |
| 11/17/13 | 684804A | 2,282.50 | |
| 11/30/13 | 687923A | 5,466.09 | |
| 12/8/13 | 688875A | 2,200.00 | |
| 12/8/13 | 689686A | 2,498.77 | |
| 12/19/13 | 692670A | 3,138.54 | |
| 1/8/14 | 693588C | 4,096.11 | |
| 1/19/14 | 700330A | 3,448.57 | |
| 2/7/14 | 704182A | 1,857.75 | |
| 2/9/14 | 704704A | 2,182.50 | |
| 2/12/14 | 705260A | 2,290.75 | |
| 2/14/14 | 705754A | 1,311.10 | |
| 2/16/14 | 706350A | 350.00 | |
| 3/26/14 | 715056A | 17,940.00 | |
| 3/28/14 | 715896A | 5,980.00 | |
| 3/29/14 | 716127A | 2,990.00 | |
| 4/2/14 | 717090A | 5,980.00 | |
| 4/5/14 | 717901A | 38,870.00 | |
| 4/19/14 | 721092A | 1,150.00 | |
| 4/19/15 | 721104A | 2,990.00 | |
| 4/25/14 | 722613A | 2,900.00 | |
| 6/6/14 | 733293A | 250.00 | |
| 7/24/14 | 744714A | 192,381.90 | |
| 8/15/14 | 750163A | 308.52 | |
| 8/15/15 | 750164A | 500.00 | |
| 8/23/14 | 752098A | 198,157.05 | |
| 9/12/14 | 756656A | 3,228.15 | |
| 9/14/14 | 757149A | 3,277.95 | |
| 9/17/14 | 757739A | 3,298.52 | |
| 9/18/14 | 758116A | 1,697.36 | |
| 9/20/14 | 758633A | 9,793.79 | |
| 10/17/14 | 764985A | 1,575.00 | |
| 10/19/14 | 758 U8E | 184,737.29 | |

## Statement of Account-NAC Services-L & B Transport, LLC

| | | |
|---|---|---|
| 10/19/15 | 764992A | $176,923.80 |
| 11/22/14 | 773525A | 182,821.26 |
| 12/20/14 | 779909A | 176,923.80 |
| 1/4/15 | 782560A | 14,950.00 |
| 1/18/15 | 786054A | 182,821.26 |
| 2/21/15 | 792445A | 182,821.26 |
| 3/26/15 | 799735A | 165,128.88 |

**TOTAL DUE:**          **$1,826,298.15**